UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELINDA GRAY, | ) | CIVIL ACTION NO. 4:20-CV-1129 |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| KILOLO KIJAKAZI,[1] | ) | |
|     Defendant | ) | |

MEMORANDUM OPINION

I.   INTRODUCTION

The parties in this case do not dispute that remand is appropriate in this case. They do, however, dispute the scope of that remand. Plaintiff argues this case should be remanded with specific instruction to conduct a new administrative hearing, while the Commissioner argues the issue of whether an administrative hearing should be resolved by the ALJ.

This matter is before me, upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. For the reasons

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. She is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d) (providing that when a public officer sued in his or her official capacity ceases to hold office while the action is pending, "the officer's successor is automatically substituted as a party."); see also 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

explained below, the Commissioner's motion (Doc. 23) is GRANTED. This case will be REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) with instructions to further develop the record and issue a new decision.

II.   BACKGROUND & PROCEDURAL HISTORY

On May 1, 2017, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. (Admin. Tr. 22). In this application, Plaintiff alleged she became disabled on April 15, 2015 due to the following conditions: heart condition, lump on lumbar, lump on right arm, carpal tunnel, high blood pressure, restless leg syndrome, slipped disc, depression, cataracts, and shortness of breath. (Admin. Tr. 902). Plaintiff alleges that the combination of these conditions affects her ability to lift, squat, bend, stand, walk, sit, kneel, climb stairs, see, remember things, complete tasks, concentrate, follow instructions, and get along with others. (Admin. Tr. 928). Before the onset of her impairments, Plaintiff worked as a loan processor and sales associate. (Admin. Tr. 29).

On July 20, 2017, Plaintiff's application was denied at the initial level of administrative review. (Admin. Tr. 22). On August 21, 2017, Plaintiff requested an administrative hearing. *Id*.

On October 2, 2017, Plaintiff, assisted by her counsel, appeared and testified during a hearing before Administrative Law Judge Timothy Wing (the "ALJ"). *Id*. On February 6, 2019, the ALJ issued a decision denying Plaintiff's application for benefits. (Admin. Tr. 34). On March 20, 2019, Plaintiff requested review of the ALJ's decision by the Appeals Council of the Office of Disability Adjudication and Review ("Appeals Council"). (Admin. Tr. 877). Along with her request, Plaintiff submitted new evidence that was not available to the ALJ when the ALJ's decision was issued. (Admin. Tr. 120-838).

On May 8, 2020, the Appeals Council denied Plaintiff's request for review. (Admin. Tr. 1).

On July 2, 2020, Plaintiff initiated this action by filing a Complaint. (Doc. 1). In the Complaint, Plaintiff alleges that the ALJ's decision denying the application is not supported by substantial evidence, and improperly applies the relevant law and regulations. *Id*. As relief, Plaintiff requests that the Court award benefits, or in the alternative remand this case for a new administrative hearing. *Id*.

On January 28, 2021, the Commissioner filed an Answer. (Doc. 14). In the Answer, the Commissioner maintained that the decision holding that Plaintiff is not entitled to disability insurance benefits was made in accordance with the law and regulations and is supported by substantial evidence. *Id*. Along with her

Answer, the Commissioner filed a certified transcript of the administrative record. (Doc. 15).

On May 14, 2021, Plaintiff filed her brief. (Doc. 20). In her opening brief, Plaintiff argued:

(1) The ALJ mischaracterized the opinions of Dr. Doddamani and Dr. Landis when he found them "not persuasive" because the opinions failed "to discuss to what extent they feel the claimant's substance abuse impacts her residual functional capacity" and because they post-date the relevant period. (Admin. Tr. 28).

(2) The ALJ's analysis related to Plaintiff's co-occurring mental disorders in the absence of substance abuse does not comply with SSR 13-2p, because the evidence of record does not clearly establish improvement with sobriety.

(3) The ALJ improperly excluded limitations that Plaintiff would be "off task 20%" and unable to do more than "frequent" fingering from the assessment of what Plaintiff could do if she stopped the substance abuse.

In response to these initial arguments, the Commissioner filed a motion to remand and supporting brief. (Docs. 23, 24). In her brief, the Commissioner reported that:

After an initial review of the transcript, the Commissioner determined that a voluntary remand was warranted for further revaluation of drug and alcohol abuse and the medical opinion evidence. Only July 9, 2021 and July 13, 2021, counsel for the Commissioner contacted Plaintiff's counsel for consent to voluntarily remand the case. Following discussions over the next few days, Plaintiff's counsel informed counsel for the Commissioner that Plaintiff would not concur in the filing of the motion for remand. Plaintiff's counsel

refused to consent because the Commissioner would not order the ALJ to offer the claimant the opportunity for a new hearing.

(Doc. 24, p. 3). In her motion, the Commissioner requests:

> the Court to remand the case for further proceedings in accordance with the Commissioner's offer to voluntary remand. The Appeals Council will direct an ALJ to will [sic] instruct the ALJ to reevaluate Plaintiff's drug and alcohol abuse and the medical opinion evidence. The ALJ also will be instructed to take any further action necessary to complete the administrative record, including holding a new hearing *only if warranted by the facts*, and issue a new decision concerning Plaintiff's claim for disability benefits. The Commissioner submits that these directives are sufficient to address the deficiencies of the Commissioner's February 6, 2019 decision.

(Doc. 24, p. 5).

In response, "Plaintiff urges this Court to require, on remand, that the Plaintiff be afforded an opportunity to appear and testify at a new hearing." (Doc. 25, p. 1). The Commissioner did not file a reply.

III. LEGAL STANDARDS

Before looking at the merits of this case, it is helpful to restate the legal principles governing Social Security Appeals.

    A.    STANDARDS GOVERNING THE ALJ'S APPLICATION OF THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS IN CASES INVOLVING A SUBSTANCE USE DISORDER

To receive benefits under the Social Security Act by reason of disability, a claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[2] To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible to do his or her previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C).

To receive benefits under Title II of the Social Security Act, a claimant must show that he or she contributed to the insurance program, is under retirement age, and became disabled prior to the date on which he or she was last insured. 42 U.S.C. § 423(a); 20 C.F.R. § 404.131(a).

In making this determination at the administrative level, the ALJ follows a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged

---

[2] Throughout this Report, I cite to the version of the administrative rulings and regulations that were in effect on the date the Commissioner's final decision was issued. In this case, the ALJ's decision, which serves as the final decision of the Commissioner, was issued on February 6, 2019.

in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(a)(4).

Between steps three and four, the ALJ must also assess a claimant's RFC. RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (citations omitted); *see also* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a)(1). In making this assessment, the ALJ considers all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis. 20 C.F.R. § 404.1545(a)(2).

At steps one through four, the claimant bears the initial burden of demonstrating the existence of a medically determinable impairment that prevents him or her in engaging in any of his or her past relevant work. 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512; *Mason*, 994 F.2d at 1064. Once this burden has been met by the claimant, it shifts to the Commissioner at step five to show that

jobs exist in significant number in the national economy that the claimant could perform that are consistent with the claimant's age, education, work experience and RFC. 20 C.F.R. § 404.1512(b)(3); *Mason*, 994 F.2d at 1064.

If the ALJ finds that a claimant is disabled, and has medical evidence of a claimant's drug addiction or alcoholism, the ALJ is required to determine whether the claimant's drug addiction or alcohol addiction is a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535(a); SSR 13-2p, 2013 WL 621536. The key factor an ALJ examines to make this determination is whether the claimant would still be disabled if he or she stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b)(1). The claimant bears the burden of proving that he or she would be disabled even if he or she were not using drugs or alcohol. SSR 13-2p, 2013 WL 621536.

In making this determination, the ALJ must decide which of the claimant's limitations would remain if the claimant stopped using drugs. 20 C.F.R. § 404.1535(b)(2). If the claimant's remaining limitations would not be disabling, the drug addiction or alcoholism is a contributing factor material to the determination of disability. 20 C.F.R. § 404.1535(b)(2)(1). If the claimant's remaining limitations are still disabling, independent of the claimant's drug

addiction or alcoholism, the drug addiction or alcoholism is not a contributing factor.

B.     PROCEEDINGS AFTER A DISTRICT COURT REMAND

Section 405(g) of Title 42 of the United States Code provides that, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, *with or without remanding the case for a rehearing*." (emphasis added). The statute affords District Courts the authority to remand with or without remand for rehearing. *See Thomas v. Comm'r of Soc. Sec.*, 625 F.3d 798 (3d Cir. 2010) (requiring that District Courts give instructions to "ensure that the parties have an opportunity to be heard on the remanded issue and prevent *post hoc* rationalization by administrative law judges."); *West v. Kijakazi*, No. 3:20-CV-1561, 2022 WL 178822 (M.D. Pa. Jan. 18, 2022) (remanding for a new administrative hearing where the claimant's insured status expired in 2018, and the prior ALJ hearing was held in 2019).

The Social Security regulations provide that when a Federal Court remands a case to the Commissioner "for further consideration," the Appeals Council, acting on behalf of the Commissioner, may: (1) make a decision; (2) remand the case to an ALJ with instructions to take action and issue a decision; or (3) remand the case

to an ALJ with instructions return the case to the Appeals Council with a recommended decision. 20 C.F.R. § 404.983(a); *see also* 20 C.F.R. § 404.977(a) ("The Appeals Council may remand a case to an administrative law judge so that he or she may hold a hearing and issue a decision or a recommended decision. The Appeals Council may also remand a case in which additional evidence is needed or additional action by the administrative law judge is required."). On remand, "[a]ny issues relating to the claim(s) may be considered by the Appeals Council or administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in the case." *Id.*

In its Hearings, Appeals, and Litigation Law Manual (hereinafter "HALLEX"), the Social Security Administration addresses when a claimant should be *offered* the opportunity for a hearing following remand. HALLEX II-5-1-3. It is the Administration's position that:

> Social Security Administration Regulations at 20 C.F.R. § 404.977 and 416.1477 do not explicitly state that a hearing must be held whenever a case is remanded. However, due process requires that the claimant be given an opportunity for a hearing on the entire period to be ruled upon in the decision on remand, and to submit additional evidence or contentions or to raise questions of law as a result of the Council's remand of the case. This allows the claimant a full and fair opportunity to present his or her case.

*Id.*; *see also* Carolyn A. Kubitschek, Jon C. Dubin, *Social Security Law and Procedure in Federal Court*, § 9:38 (Feb. 2022 Update). The same section provides that:

> On remand, the Administrative Law Judge shall offer the claimant the opportunity for a hearing except in a claim for Title II disability insurance benefits when the period at issue expired before the date of the hearing decision (e.g., insured status expired in a disabled worker's claim or the claimant reached age 22 in a child's insurance benefits claim). In those instances, the Administrative Law Judge need not offer the claimant the opportunity for a hearing unless the Administrative Law Judge finds that the facts warrant it.
>
> In those cases when the Appeals Council concludes that a hearing is <u>required</u> to adequately document the evidentiary record or to satisfy the requirements of due process, the Appeals Council will order that a hearing be held. When the Appeals Council does not order a hearing, the Administrative Law Judge should still offer the claimant an opportunity to appear at a hearing to present oral testimony or arguments and to submit additional evidence in response to the remand order, even when the claimant initially waived an oral hearing. As in other procedural matters, the Administrative Law Judge must document the fact that the claimant was extended the opportunity for a hearing on remand.

*Id.* (underline in original).

HALLEX section I-3-7-40 addresses the preparation, content and general routing of remand orders from the Appeals Council. Under Section B, "language and style" Hallex provides that:

> When preparing a remand order, OAO staff will, as applicable:
>
> . . . .

Page 11 of 19

- Direct the ALJ to hold a new hearing, or direct the ALJ to offer the claimant an opportunity to appear at a new hearing (whether or not the claimant previously waived an oral hearing).

NOTE:   If, in a title II only claim, the period at issue ends before the date of the hearing decision (e.g., insured status expired in a disabled worker claim or the claimant reached age 22 in a childhood disability claim), the AC need not direct the ALJ to offer the claimant an opportunity for a new hearing. However, the AC may also do so if the facts warrant such a direction, or the AC may give the ALJ the discretion to determine whether a new hearing is necessary.

HALLEX I-3-7-40.

IV.   DISCUSSION

    A.   THE ALJ'S DECISION DENYING PLAINTIFF'S APPLICATION

In his February 2019 decision, the ALJ found that Plaintiff met the insured status requirement of Title II of the Social Security Act through March 31, 2016. (Admin. Tr. 24). Then, Plaintiff's application was evaluated at steps one through five of the sequential evaluation process. The ALJ also evaluated whether Plaintiff's medically determinable polysubstance use disorder was contributing factor material to the determination of disability, and concluded that it was.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity at any point between April 15, 2015 (Plaintiff's alleged onset date) and March 31, 2016 (Plaintiff's date last insured) ("the relevant period"). *Id*.

At step two, the ALJ found that, during the relevant period, Plaintiff had the following medically determinable severe impairments: coronary artery disease status post myocardial infarction and stenting; hypertension; stage III chronic kidney disease; bilateral carpal tunnel syndrome; and polysubstance use disorder. (Admin. Tr. 25). The ALJ also identified the following medically determinable non-severe impairments: vitamin D deficiency; anxiety disorder; depression; and post-traumatic stress disorder. *Id.*

At step three, the ALJ found that, during the relevant period, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Admin. Tr. 26).

Between steps three and four, the ALJ assessed Plaintiff's RFC. Considering the entire record, including the limitations that resulted from Plaintiff's substance use disorders, the ALJ assessed Plaintiff retained the RFC to engage in light work as defined in 20 C.F.R. § 404.1567(b) except:

> the claimant must avoid occupations that require climbing on ladders, ropes, or scaffolds. She is limited to occupations that require climbing ladders, ropes, or scaffolds. She is limited to occupations that require no more than occasional pushing and pulling with the upper extremities. She must avoid concentrated prolonged exposure to fumes, odors, dusts, gases, chemical irritants, environments with poor ventilation, excessive vibration, and extreme dampness and humidity. She is limited to occupations that do not require frequent exposure to

> dangerous machinery and unprotected heights. She is limited to occupations that do not involve access to narcotic drugs. The claimant would require frequent breaks and absences at will, and would require frequent time off task at will up to 20% of the week or month due to symptomology in excess of customary allowances.

(Admin. Tr. 27). In his supporting explanation, the ALJ found that "[t]he exacerbating effects of the claimant's polysubstance abuse on her cardiac condition supports the finding that she would be off task and absent as outlined." (Admin. Tr. 28).

At step four, the ALJ found that, during the relevant period and accounting for Plaintiff's polysubstance use disorder, Plaintiff could not engage in her past relevant work. (Admin. Tr. 29).

At step five, the ALJ found that, considering Plaintiff's age, education and work experience, and accounting for Plaintiff's medically determinable polysubstance use disorder, Plaintiff could not engage in other work that existed in the national economy. (Admin. Tr. 29-30).

Next, the ALJ evaluated whether Plaintiff's polysubstance use disorder was a contributing factor material to the determination of disability. The ALJ found that, if Plaintiff stopped the substance use, her other medically determinable severe and non-severe impairments would persist, but that she would not have an impairment that met or medically equaled a listed impairment. He also found that,

if Plaintiff stopped the substance use, her RFC would be identical *except* that her cardiac impairment would improve such that she would no longer "require frequent breaks and absences at will," or "frequent time off task at will up to 20% of the week or month due to symptomology." (Admin. Tr. 27).

The ALJ concluded that, if Plaintiff stopped the substance use, she would be able to perform her past relevant work as a loan processor and sales associate. (Admin. Tr. 33). Because Plaintiff would be able to engage in her past relevant work if she stopped the substance abuse, the ALJ concluded that Plaintiff's polysubstance use disorder was a contributing factor material to the determination, and as such Plaintiff was not disabled. *See* 42 U.S.C. § 423(d)(2)(C) (directing a conclusion of 'not disabled' if substance abuse is a contributing material factor to disability).

### B. WHETHER THIS COURT SHOULD ORDER A NEW ADMINISTRATIVE HEARING

Although the parties agree that remand is appropriate, they do not agree as to the scope of that remand. The Commissioner offers a remand in which the case would be referred to an ALJ to reevaluate DAA and the medical opinion evidence. (Doc. 23, ¶ 3). In cases remanded to an ALJ without specific instruction to conduct a hearing, the ALJ would have the discretion to offer a new hearing or not. Thus, pursuant to the Commissioner's request, Plaintiff *may* receive a new hearing.

In support of her position, the Commissioner cites to three cases: *Krok-Parrinello v. Berryhill*, No. 17-853, 2018 WL 646077 (D.N.J. Jan. 30, 2018); *Diane B. v. Comm'r*, No. 2:18-CV-1, 2018 WL 5024717 (D. Vt. Oct. 16, 2018); and *DeBlock v. Comm'r*, No. 3:13-CV-1366, 2015 WL 1178478 (N.D. N.Y. Feb. 10, 2015).

In *Krok-Parrinello*, the Court denied a claimant's request for a mandatory new hearing because:

> Many of Plaintiff's requests can be performed by a review of the record. Plaintiff's request for reconsideration of certain conditions, a comparison of each severe impairment, reconsideration of the treating physician's residual functional capacity ("RFC" finding, and a function-by-function comparison can all be done by reviewing the relevant evidence in the record. Moreover, while Plaintiff requests an opportunity to testify at a new hearing and call her treating physician, Plaintiff did testify at length during her initial hearing. And Plaintiff had failed to indicate what additional testimony she would provide on remand. As noted, Plaintiff has to prove that she was disabled by December 31, 2008, so her testimony in 2015 should have encompassed the necessary time frame. Likewise, Plaintiff has failed to explain the substance or necessity of her treating physician's testimony.

2018 WL 646077, at *2.

In *Diane B*, the Court, after noting that a District Court clearly has the authority to order a hearing, denied a claimant's request for a mandatory hearing on remand because:

> Plaintiff provides no particular reason why a supplemental hearing is necessary in this case. Nothing in Plaintiff's initial motion or subsequent filing suggests that additional testimony may be required or that there are gaps in evidence. (*see generally* Docs. 14, 18.) Rather, considering that the alleged disability period ended in March 2011, it appears that all the relevant testimony was presented at the April 2017 hearing. (*See* AR 30-47). Before the hearing ended, the ALJ asked Plaintiff's counsel if there was anything more he wished to add to the record, and counsel replied: "I would again renew my request that a decision be made just on the record as it exists." (AR 45.) Therefore, the Court leaves it to the Commissioner, through the Appeals Council and the ALJ, to determine whether a supplemental hearing is required on remand.

2018 WL 5024171 at *5.

In *DeBlock*, the Court made no finding as to whether a new hearing would or would not be appropriate. 2015 WL 1178478 at *9. The case was remanded "for further proceedings." *Id.* at 15.

Plaintiff argues that a new hearing is required based on the facts of this case. In support of her position, Plaintiff argues that a new hearing is warranted because: (1) Plaintiff would like to submit additional evidence from her medical sources on the issue of whether their opinions included limitations related to Plaintiff's substance use disorder; (2) Plaintiff would like to offer testimony "to clarify whether the chest pain that led her to seek emergency room treatment in January 2017 was caused by her use of cocaine, as the ALJ thought, rather than her attempt

to alleviate her already-existing chest pain,";[3] and (3) Plaintiff would like to offer testimony related to her past relevant work because she believes the ALJ incorrectly concluded that she had past relevant work as a sales associate. (Doc. 25, pp. 1-3).

Reviewing these arguments, I am not persuaded that a mandatory hearing is necessary. Plaintiff requests the opportunity to present supplemental evidence related to: the scope of the treating source opinions submitted in this case; whether Plaintiff's coronary artery disease status post myocardial infarction and stenting and hypertension are affected by her use of cocaine and methamphetamine; and evidence related to her earnings for her past work as a sales associate. This evidence may be presented via hearing, or through submission prior to rendering a new decision. I will leave it to the discretion of the administrative law judge to determine how to further develop the record on remand.

---

[3] In his decision the ALJ noted:
> The claimant's date last insured was in 2016, but evidence after her date last insured tends to show that the claimant's polysubstance abuse exacerbates her cardiac symptoms. For example, in January 2017, the claimant reported recently smoking crack cocaine and using methamphetamine. She was reporting radiating chest pain that she felt the cocaine had worsened. (1F/54) Testing showed an ejection fraction of 73%, and no wall motion or thickening abnormalities. (1F/57). Her condition improved while in the hospital and she was discharged home.

(Admin. Tr. 28).

V.  CONCLUSION

I find that the Commissioner's Motion for Remand (Doc. 23) will be GRANTED:

(1) The final decision of the Commissioner will be VACATED.

(2) This case will be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

On remand, the Commissioner, through the Appeals Council, will refer Plaintiff's case to an Administrative Law Judge who will be instructed to take any further action necessary to complete the administrative record and issue a new decision. Such necessary action should, at a minimum include an opportunity to further develop the record through written submissions. The ALJ should consider whether the facts warrant providing Plaintiff the opportunity for a new administrative hearing, and offer such an opportunity if appropriate.

(3) Final judgment will be issued in favor of Melinda Gray.

(4) An appropriate order will be issued.

Date: March 9, 2022                         BY THE COURT

                                            *s/William I. Arbuckle*
                                            William I. Arbuckle
                                            U.S. Magistrate Judge